IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In Re:                                                  Bankruptcy No. 18-21911 JAD

     Michael A. Rudman,

**DISCLOSURE STATEMENT**
**TO ACCOMPANY PLAN DATED MARCH 27, 2019**

X Chapter 11 Small Business (Check box only if debtor has elected to be considered a small business under 11 U.S.C. §1121(e))

Debtor furnishes this Disclosure Statement to creditors in the above-captioned matter pursuant to Bankruptcy Code §1125 to assist them in evaluating Debtor's proposed Chapter 11 Plan, a copy of which is attached hereto.  Creditors may vote for or against the Plan of Reorganization.  Creditors who wish to vote must complete their ballots and return them to the following address before the deadline noted in the Order approving the Disclosure Statement and fixing time.  The Court will schedule a hearing on the Plan pursuant to 11 U.S.C. §1129.

     Address for return of ballots:

     Steidl and Steinberg, P.C.
     Suite 2830 – Gulf Tower
     707 Grant Street
     Pittsburgh, PA 15219
     Attn: Christopher M. Frye, Esquire

I.     <u>Background</u>

     1.     Name of Debtor:

          Michael A. Rudman

     2.     Type of Debtor (individual, partnership, corporation):

          Individual

     3.     Debtor's Business or Employment:

          Executive Chef

     4.     Date of Chapter 11 Petition:

5.      Events that Caused the Filing:

The Debtor is a chef by trade and had ownership in multiple restaurants in the years preceding the filing of the Chapter 11 case. Those restaurants are now closed but there was liability incurred individually by the Debtor as a result, in part, from ownership of the restaurant businesses. The Debtor filed this Chapter 11 case as he could not pay his debt obligations as they became due. The Debtor is now profitable on a monthly basis and able to file this Chapter 11 Plan.

6.      Anticipated Future of the Company & Source of this Information and Opinion:

N/A

7.      Summarize all Significant Features of the Plan Including When and How Each Class of Creditor Will Be Paid and What, If Any, Liens Will Be Retained By Secured Creditors or Granted to Any Creditor Under the Plan

Class 1 – Administrative Claims – Class 1 creditors will be paid in full upon Plan Confirmation. Legal fees to Debtor's Counsel may be paid pursuant to agreement between the Debtor and Debtor's counsel. Class 1 is not impaired by the Plan.

Class 2 – First National Bank of Pennsylvania. – Class 2 secured claim will be paid pursuant to the original contractual terms. Class 2 will retain its liens on all collateral. Class 2 is not impaired by the Plan.

Class 3 – Fifth Third Bank – Class 3 secured claim will be paid in full over 60 months at the contractual interest rate. Class 3 is not impaired by the Plan.

Class 4 – Secured Real Estate Tax Claims – Class 4 secured tax claims will be paid in full at interest over 60 months at the statutory interest rate. Class 4 is not impaired by the Plan.

Class 5 – Pennsylvania Department of Revenue –Class 5 is disputed and will not receive any distributions under the Plan. Class 5 is not impaired by the Plan.

Class 6 – Tuscan Inn Holdings, LLC – Class 6 will be paid pursuant to an agreement by the Class 6 creditor and a co-debtor. Class 6 is not impaired by the Plan.

Class 7 – General Unsecured Creditors – The General Unsecured Creditors of the Debtor will receive approximately thirty (30%) of their allowed claims pursuant to the Plan. Class 7 is impaired by the Plan.

8.      Are All Monthly Operating Statements Current and on File With The Clerk of Court?
                Yes __X___    No _____

If Not, Explain:

9.      Does the plan provided for releases of nondebtor parties?  Specify which parties and terms of release.

        N/A

10.     Identify all executory contracts that are to be assumed or assumed and assigned.

        N/A.

11.     Has a bar date been set?      Yes ___X___      No _____
        (If not, a motion to set the bar date has been filed simultaneously with the filing of this disclosure statement.)

12.     Has an election under 11 U.S.C. §1121 (c) been filed with the Court to be treated as a small business?
                        Yes ___ ___      No ____X__

13.     Specify property that will be transferred subject to 11 U.S.C. §1146 (c).

        None

II.    Creditors

    A.    Secured Claims

SECURED CLAIMS

| Creditor | Total Amount Owed | Arrearages | Type of Collateral Priority of Lien (1, 2, 3) | Disputed (D) Liquidated (L) Unliquidated (U) | Will Liens Be Retained Under the Plan? (Y) or (N) |
|---|---|---|---|---|---|
| First National Bank of Pennsylvania | $130,102.04 | $0.0 | 909 Spencer Ridge, Glenshaw, PA 15116 – First Priority | L | Y |
| Fifth Third Bank | $10,000.00 | $0.00 | 909 Spencer Ridge, Glenshaw, PA 15116 – Second Priority | L | Y |
| County of Allegheny | $1,613.99 | $0.00 | Real Estate Tax Lien | L | Y |
| Shaler Area School District/Shaler Township | $17,742.29 | $0.00 | Real Estate Tax Lien | L | Y |
| Pennsylvania Department of Revenue | $19,711.68 | $0.00 | Tax Lien | D | N |
| | | | | | |
| | | | | | |
| **TOTAL** | **$179,170.00** | **$0.00** | | | |

B.      Priority Claims

PRIORITY CLAIMS

| Creditor | Total Amount Owed | Type of Collateral | (D) (L) (U) * |
|---|---|---|---|
| Pennsylvania Department of Revenue | $2,761.50 | None | D |
| | | | |
| **TOTAL** | **$2,761.50** | | |

* Disputed (D), Liquidated (L), or Unliquidated (U)

C.    Unsecured Claims

|    |    |    |
|----|----|----|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $125,120.63 |
| 2. | Amount of Unscheduled Unsecured Claims[1] | $63,904.38 |
| 3. | Total Claims Scheduled or Filed | $189,025.01 |
| 4. | Amount Debtor Disputes | $60,023.08** |
| 5. | Estimated Allowable Unsecured Claims | $129,001.93** |

** The claim of Tuscan Inn Holdings, LLC in the amount of $55,720.54 is not disputed but is being paid pursuant to an agreement between Tuscan Inn Holdings, LLC. and a guarantor of the debt. See Section Section IV 11 under "Include any other information necessary to explain this plan" for a further explanation of the treatment of the claim of Tuscan Inn Holdings, Inc.

D.    Other Classes of Creditors

|    |    |    |
|----|----|----|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $ |
| 2. | Amount of Unscheduled Claims[1] | $ |
| 3. | Total Claims Scheduled or Filed | $ |
| 4. | Amount Debtor Disputes | $ |
| 5. | Estimated Allowable Claims | $ |

E.    Other Classes of Interest Holders

|    |    |    |
|----|----|----|
| 1. | Amount Debtor Scheduled (Disputed and Undisputed) | $ |
| 2. | Amount of Unscheduled Claims[1] | $ |
| 3. | Total Claims Scheduled or Filed | $ |
| 4. | Amount Debtor Disputes | $ |
| 5. | Estimated Allowable Claims | $ |

---

[1] Includes (a.) unsecured claims filed by unscheduled creditors; (b.) that portion of any unsecured claim filed by a scheduled creditor that exceeds the amount debtor scheduled; and (c.) any unsecured portion of any secured debt not previously scheduled.

III.    Assets

ASSETS

| Assets | Value | Basis for Value Priority of Lien | Name of Lien Holder (if any) (Fair Market Value/ Book Value) | Amount of Debtor's Equity (Value Minus Liens) |
|---|---|---|---|---|
| Cash on Hand | $100.00 | Scheduled Balance at Filing | None | $100.00 |
| Bank Accounts | $1,500.00 | Scheduled Balance at Filing | None | $1,500.00 |
| 909 Spencer Ridge Drive, Glenshaw, PA 15116 | $350,000.00 total value with Debtor's interest of 50% valued at $175,000.00 | Comparable Sales | First National Bank of PA  - $130,102.04<br>Fifth Third Bank - $10,000.00<br>County of Allegheny  - $1,613.99<br>Shaler Area School District/Shaler Township - $17,742.29<br>PA Dept. of Revenue - $19,711.68 | $85,415.00 (uses Debtor's 50% interest) |
| Household Goods | $3,000.00 | Liquidation | None | $3,000.00 |
| Electronics | $750.00 | Liquidation | None | $750.00 |
| Jewelry | $3,200.00 | Liquidation | None | $3,200.00 |
| Stak Shak, Inc. | $0.00 | No Assets | None | $0.00 |

| | | | | |
|---|---|---|---|---|
| Rudack, Inc. | $0.00 | No Assets | None | $0.00 |
| Cash Value of Life Insurance | $5,348.00 | Scheduled Balance at Filing | None | $5,348.00 |
| | **$188,898.00** **TOTAL** | | | **$99,313.00** **TOTAL** |

1.    Are any assets which appear on Schedule A or B of the Bankruptcy Petition not listed above? No.

       If so, identify asset and explain why asset is not in estate:

       N/A

2.    Are any assets listed above claimed as exempt? Yes.  If so attach a copy of Schedule C and any amendments.

IV.    <u>SUMMARY OF PLAN</u>

    1.    Effective Date of Plan: 30 days after Chapter 11 Plan Confirmation

    2.    Will cramdown be sought?   <u>X</u>   Yes (If not consensual) <u>  </u> No
       If Yes, state bar date: <u>               </u>

    3.    Treatment of Secured **Non-Tax** Claims

SECURED NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| First National Bank of Pennsylvania | 2 | $130, 102.04 | The Debtor has made contractual monthly payments on Class 2 debt each and every month of the Chapter 11 proceeding. There are no pre-petition arrearage claims on Class 2 debt. The Debtor will continue to make contractual monthly payments to the Class 2 creditor until the terms of the original contract with Class 2 creditor is met. Class 2 is not impaired by the Plan. |
| Fifth Third Bank | 3 | $10,000.00 | The Class 3 claim of Fifth Third be amortized over a 60-month period at the contractual interest rate of 4.25%. The Debtor will make monthly payments to Fifth Third in the amount of $186.00 to be applied to principal and interest pursuant to the amortization schedule identified in Section 8.2(a). Payment to the Class 3 creditor as identified in Sections 8.2(b) shall begin on or before the last day of the month following the effective date of the Plan.  Subsequent payments shall be made by the Debtor on or before the last day of the month every month thereafter until the secured claim of the Class 3 creditor is paid in full pursuant to the terms contained in this Plan. Upon completion of payments to the Class 3 creditor pursuant to this Plan, a satisfaction of the mortgage lien held by the Class 3 creditor shall be filed with the Allegheny County Recorder of Deeds within 30 days of final payment. Class 3 is not impaired by the Plan. |

| County of Allegheny | 4 | $1,613.59 | The Class 4 claim of County of Allegheny Shall be amortized over a 60 months period at the statutory interest rate of 12%. The Debtor will make monthly payments to County of Allegheny in the amount of $36.00 to be applied to principal and interest pursuant to the amortization schedule identified in Section 8.2(b). Payments to the Class 4 creditors as identified in Sections 8.3(c) and 8.3(d) shall begin on or before the last day of the month following the effective date of the Plan.  Subsequent payments shall be made by the Debtor on or before the last day of the month every month thereafter until the secured claims of the Class 4 creditors are paid in full pursuant to the terms contained in this Plan. Upon completion of payments to Class 4 creditors in this Plan, any pre-petition real estate tax claim of County of Allegheny whether a Proof of Claim was filed in the Chapter 11 case or not, shall be considered cured and paid in full. Class 4 is not impaired by the Plan. |
|---|---|---|---|
| Shaler Area School District/Shaler Township | 3 | $17,742.29 | The Class 4 claim of County of Allegheny Shall be amortized over a 60 months period at the statutory interest rate of 12%. The Debtor will make monthly payments to Shaler in the amount of $377.00 to be applied to principal and interest pursuant to the amortization schedule identified in Section 8.2(b). Payments to the Class 4 creditors as identified in Sections 8.3(c) and 8.3(d) shall begin on or before the last day of the month following the effective date of the Plan.  Subsequent payments shall be made by the Debtor on or before the last day of the month every month thereafter until the secured claims of the Class 4 creditors are paid in full pursuant to the terms contained in this Plan. Upon completion of payments to Class 4 creditors in this Plan, any pre-petition real estate tax claims of County of Allegheny and Shaler, whether a Proof of Claim was filed in the Chapter 11 case or not, shall be considered cured and paid in full. Class 4 is not impaired by the Plan. |

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |
| **TOTAL** |  | **$159,458.32** |  |

4.      Treatment of Secured Tax Claims

SECURED TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Summary of Proposed Treatment |
|---|---|---|---|
| Pennsylvania Department of Revenue | 5 | $19,711.68 | Disputed Debt. No payments will be made to Pennsylvania Department of Revenue Pursuant to the Plan. See Section IV 11 under "Include any other information necessary to explain this plan". . |
|  |  |  |  |
| **TOTAL** |  | **$19,711.68** |  |

5.    Treatment of Administrative **Non-Tax** Claims[2]

## ADMINISTRATIVE NON-TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
| Steidl and Steinberg, P.C. | $15,000.00 (Estimated) | Legal Fees and Costs | Professional fees for Counsel for the Debtor will be paid only after application and approval by the Court. Professional fees for Debtor's Counsel shall be paid immediately upon Court approval or as agreed to by counsel. If insufficient funds exist to pay counsel fees for Debtor's Counsel upon Court approval, the Debtor and Counsel will enter into an agreement whereby counsel fees will be paid in a manner that does not interfere or interrupt payments to any Classes of Creditors in this Plan. |
| United States Trustee | $650.00 (Estimated) | Trustee Fees | The final United States Trustee quarterly fee shall be paid in full prior to the entry of the Final Decree in the case. |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

6.    Treatment of Administrative Tax Claims

ADMINISTRATIVE TAX CLAIMS

| Name of Creditor* | Amount Owed | Type of Debt** | Summary of Proposed Treatment and Date of First Payment |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

---

[2] Include all §503(b) administrative claims.

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

\*  Identify and Use Separate Line for Each Professional and Estimated Amount of Payment
\*\* Type of Debt (P=Professional, TD=Trade, TX=Taxes)

7.    Treatment of Priority Non-Tax Claims

PRIORITY NON-TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

8.        Treatment of Priority Tax Claims[3]

PRIORITY TAX CLAIMS

| Name of Creditor | Class | Amount Owed | Date of Assessment | Summary of Proposed Treatment |
|---|---|---|---|---|
| Pennsylvania Department of Revenue | 5 | $2,761.50 | 2010-2018 | Disputed Debt. No payments will be made to Pennsylvania Department of Revenue Pursuant to the Plan. See Section IV 11 under "Include any other information necessary to explain this plan". |

---

[3] Include dates when any §507(a)(7) taxes were assessed.

9.      Treatment of General Unsecured Non-Tax Claims


GENERAL UNSECURED NON-TAX CLAIMS


| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Discover Bank | 6 | $5,557.44 | |
| American Express National Bank c/o Beckett and Lee, LLP | 6 | $1,276.19 | |
| Peoples Natural Gas Company, LLC c/o S. James Wallace, P.C. | 6 | $175.99 | |
| Bank of America, N.A. | 6 | $29,829.42 | |
| Quantum3 Group, LLC as agent for Comenity Capital Bank | 6 | $2,445.04 | |
| Tuscan Inn Holdings, LLC | 6 | $55,720.54 | No payments will be made to Tuscan Inn Holdings, LLC pursuant to the Plan. See Section IV 11 under "Include any other information necessary to explain this plan". |
| Duquesne Light Company c/o Bernstein Berkley, P.C. | 6 | $136.36 | |
| Balfurd, Inc. | 6 | $1,281.12 | |
| Burns Chemical Dishwashing | 6 | $2,412.72 | |
| Chase Bank | 6 | $7,114.11 | |
| Jordan Banana Company | 6 | $3,028.18 | |

| Golden Malted | 6 | $1,560.00 | |
| Liberty Mutual Insurance Company | 6 | $2,055.93 | |
| Mark Plocki | 6 | $5,000.00 | |
| Michael C. Rudman | 6 | $45,000.00 | |
| Minuteman Press | 6 | $26.75 | |
| Pitt Specialty Supply, Inc. | 6 | $477.71 | |
| Pittsburgh Beverage Gas Company, LLC | 6 | $128.02 | |
| Republic Services | 6 | $840.85 | |
| Sally Randolph | 6 | $3,800.00 | |
| Total Systems Control | 6 | $1,212.58 | |
| Tri-Mark SS Kemp | 6 | $264.84 | |
| Verizon | 6 | $703.94 | |
| VNN, Inc. | 6 | $600.00 | |
| William Lupone & Associates | 6 | $14,075.00 | |
| **TOTAL** | | **$184,722.47** | |

10.    Treatment of General Unsecured Tax Claims

## GENERAL UNSECURED TAX CLAIMS

| Creditor | Class | Total Amount Owed | Percent of Dividend |
|---|---|---|---|
| Pennsylvania Department of Revenue | 5 | $4,302.54 (Disputed) | Disputed Debt. No payments will be made to Pennsylvania Department of Revenue pursuant to the Plan. See Section IV 11 under "Include any other information necessary to explain this plan". |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTAL** | | **$4,302.54 (Disputed)** | |

11.   Will periodic payments be made to Unsecured Creditors?

Yes ___X__   No _____ First payment to begin on the last day of the month three
months after the Plan effective date.

If so:

    Amount of each payment (aggregate to all Unsecured Claimants): $1,935.00
    Estimated date of first payment: Three months after effective date of Plan
    Time period between payments: Quarterly
    Estimated date of last payment:  60 months after the first quarterly payment
    Contingencies, if any:

State source of funds for planned payments, including funds necessary for capital
replacement, repairs, or improvements: All Plan payments will be made from the ongoing
revenue of the Debtor's employment.

Other significant features of the plan:

N/A

Include any other information necessary to explain this plan:

    Class 5 are the disputed secured, priority, and unsecured claims of the
Pennsylvania Department of Revenue total amount of $26,775.72. The disputed amount
due and owing to the Pennsylvania Department of Revenue is based Proof of Claim No.
3-2. The claim of the Pennsylvania Department of Revenue is comprised of $23,527.77
sales tax debt for tax years 2010 through 2018 associated with an entity known as
Ackrud, Inc. and $3,247.95 in "annual" taxes for tax year 2016. The Debtor is unaware of
any liability due and owing for personal tax debt for the year 2016 and believes that the
2016 "annual" taxes on Proof of Claim 3-2 are also associated with Ackrud, Inc.
    Up until February 6, 2014, the Debtor was a 50% shareholder of Ackrud, Inc.
along with Gregory Ackerman who held the other 50% interest. At that time, Ackrud,
Inc. operated as a restaurant business, and to the best of the Debtor's knowledge,
continues to operate as a restaurant business out of the same location. From the outset of
operations, to the best of the Debtor's knowledge and belief, Ackrud, Inc. was managed
and operated by Gregory Ackerman. Mr. Ackerman was responsible for the day to day
operation of the business, as well as payroll and banking.
    Ackrud, Inc. filed a Chapter 11 bankruptcy proceeding on May 28, 2013 in the
Western District of Pennsylvania at case number 13-22269 GLT. On February 6, 2014, a
Business Separation Agreement and an Assignment Bill of Sale of Uncertified Interest in
Ackrud, Inc. were signed by Michael Rudman in which he sold and uncertified his
interest in Ackrud, Inc. From that point forward, Ackrud, Inc. was owned solely and
completely by Gregory Ackerman. Ackrud, Inc. filed an Amended Chapter 11 Plan and
Amended Chapter 11 Small Business Disclosure Statement on May 22, 2014 wherein the
Business Separation Agreement and Assignment Bill of Sale of Uncertified Interest in
Ackrud, Inc. were incorporated. The Amended Chapter 11 Plan was confirmed on June
27, 2014. The Chapter 11 Plan called for the payment of any delinquent and unpaid sales
taxes due and owing by Ackrud, Inc. over a period of 5 years. A final decree was entered
in the case on September 24, 2014. To the best of the Debtor's knowledge, Ackrud, Inc.

has been making the payment to the Pennsylvania Department of Revenue due and owing under the confirmed Chapter 11 Plan.

The Debtor arguably has no ownership interest in Ackrud, Inc. as of February 6, 2014 upon execution of the Business Separation Agreement and an Assignment Bill of Sale of Uncertified Interest in Ackrud, Inc. and absolutely has no ownership interest in Ackrud, Inc. as of June 27, 2014 upon confirmation of Ackrud Inc.'s Amended Chapter 11 Plan. Consequently, the Debtor has no personal liability on any taxes of any type due and owing by Ackrud, Inc. after that date.

To the best of the Debtor's knowledge and belief, the Debtor had no significant role in management, payroll, or banking of Ackrud, Inc. from the outset of business operations. Consequently, the Debtor has no personal liability on any of the amounts claimed by the Pennsylvania Department of Revenue.

The Debtor is unaware of any personal income taxes owed for the tax year 2016. Therefore, the Debtor believes that the "annual" taxes alleged to be due and owing for tax year 2016 are associated with Ackrud, Inc. The Debtor had no ownership interest in Ackrud, Inc. at that time, and, therefore, has no liability for that tax debt.

Based on the foregoing, the Debtor disputes Proof of Claim No. 3-2 filed by the Pennsylvania Department of Revenue and no distributions will be made to the Pennsylvania Department of Revenue pursuant to this Plan.

Class 5 is not impaired by the Plan.

Class 6 shall consist of the unsecured claim of Tuscan Inn Holdings, LLC ("Tuscan") in the amount of $55,720.54. The amount due and owing is based on Proof of Claim No. 10-1. This unsecured claim arises from a breached and terminated lease of non-residential real property between the Debtor and Tuscan, which was used by the Debtor for a restaurant business that is no longer operating. The Debtor's husband, Mark Plocki, was a guarantor of the lease agreement. The lease dated May 11, 2016 is attached to the Proof of Claim filed by Tuscan.

Proceeding the filing of the Chapter 11 case by the Debtor, Tuscan, the Debtor, and Mark Plocki (guarantor) entered into an agreement whereby Mr. Plocki would make monthly payments to Tuscan. While payments were being made, Tuscan agreed to forebear on taking any action against Mr. Plocki as a guarantor of the debt resulting from the terminated lease. Upon payment of a total of $27,000.00 to Tuscan by Mr. Plocki, the debt would be considered satisfied as to all parties liable under the lease agreement. All payments due and owing pursuant to the agreement between Mr. Plocki and Tuscan have been made to date.

Tuscan shall forebear on all collections against the Debtor provided that the agreed upon payments are made by Mr. Plocki. Upon total payment of $27,000.00 by Mr. Plocki to Tuscan pursuant to their agreement, the debt due and owing by the Debtor to Tuscan shall be deemed satisfied and no collections shall be made by Tuscan with respect to the Debtor. Based on the foregoing, no distributions will be made to Tuscan pursuant to this Plan.

Class 6 is not impaired by the Plan.

V.    Comparison of Plan with Chapter 7 Liquidation

If Debtor's proposed Plan is not Confirmed, the potential alternatives would include proposal of a different Plan, dismissal of the case or conversion of the case to Chapter 7. If this case is converted to Chapter 7, a Trustee will be appointed to liquidate the Debtor's non-exempt assets. In this event, all Secured Claims and Priority Claims, including all expenses of administration, must be paid in full before any distribution is made to Unsecured Claimants.

Total value of Chapter 7 estate (See Section III)                          $99,313.00
1.  Less administrative claims (See Section IV-5-6)                         $15,650.00
2.  Less other priority claims (See Section II B)                           $2,761.50
3.  Less Debtor's allowed exemptions                                       $35,873.00
4.  Less approximate Chapter 7 liquidation expenses (10%)                   $9,931.30

Total Amount Available for Distribution to Unsecured Creditors             **$35,097.20**

Divided by total allowable Unsecured Claims of (See Section II C)          **$129,001.93**

Percentage of Dividend to Unsecured Creditors:                            **27%**

Will the creditors fare better under the Plan than they would in a Chapter 7 liquidation?

Yes __X_____      No _____

Explain: Under the Plan, all Secured Creditors will get the full value of their Claims, Priority Unsecured Creditors will get paid 100% of their allowed claims, and General Unsecured Creditors will receive approximately 30% of their allowed claims. In a Chapter 7 liquidation, general unsecured creditors would receive less than in the Plan.

VI.    Feasibility

A.    Revenue and Expenses While in the Reorganization Proceeding - The Debtor has filed monthly operating reports each and every month of the bankruptcy proceeding from May 2018 through December 2018. The income and expenses of the Debtor directly from the reports filed is as follows:

| Month | Revenue | Expenses | Profit/Loss |
|---|---|---|---|
| May 2018 | (Partial month not accurately reflecting income and expenses) | | |
| June 2018 | $2,481.93 | $1,926.78 | $555.15 |
| July 2018 | $4,962.00 | $2,588.78 | $2,373.22 |
| August 2018 | $4,001.06 | $2,367.54 | $1,633.52 |
| September 2018 | $4,001.87 | $5,516.58 | $1,514.71 |
| October 2018 | $3,082.09 | $2,624.44 | $457.65 |
| November 2018 | $3,160.48 | $1,731.68 | $1,428.80 |
| December 2018 | $4,056.00 | $3,227.77 | $828.23 |
| | | | |
| TOTAL | $25,745.43 | $19,983.57 | $5,761.86 |
| | | | |
| AVERAGE | $3,677.92 | $2,854.79 | $823.13 |

B.    Payments to Creditors in the Plan – The below table indicates what the Debtor has paid to each class of creditor not being paid or being paid a different amount during the reorganization proceeding and what is being proposed in the Plan:

| Class | Frequency | Current Amount | Plan Amount | Difference |
|---|---|---|---|---|
| Class 3 | Monthly | $0.00 | $186.00 | ($186.00) |
| Class 4 | Monthly | $0.00 | $413.00 | ($413.00) |
| Class 7 | Monthly | $0.00 | $645.00 | ($645.00) |

| | | | |
|---|---|---|---|
| TOTAL | $0.00 | $1,244.00 | ($1,244.00) |

C.  <u>Feasibility Analysis</u> – As indicated in Section VI B, the Debtor must pay $1,244.00 per month to creditors that are not already being paid during the reorganization proceeding. As indicated in Section VI A, the Debtor has filed monthly operating reports for June 2018 through December 2018. The Debtor is averaging an $823.13 profit based on the revenue and expenses during that period. The average monthly United States Trustee Quarterly Fee paid by the Debtor during the reorganization proceeding is $109.00.00. The Debtor will not have to pay United States Trustee Quarterly Fees while making plan payments. Consequently, between the average profits of $823.13 and the average United States Trustee Quarterly Fee of $109.00 per month, the Debtor will have an average of $932.13 per month available to fund the Chapter 11 Plan. Further, the Debtor has recently changed jobs and now has a base salary of $78,500.00 per year. The Debtor will net an average of $4,000.00 per month from his new employment, which is approximately $325.00 more than the average in Section VI A. Between the profit shown while in the bankruptcy, the amount of the payment of the US Trustee fees, and the Debtor's new employment, the Debtor's Plan is clearly feasible.

Estimated amount to be paid on effective date of Plan, including administrative expenses:

<u>$325.00</u>

Show how this amount was calculated:

| | |
|---|---|
| $0.00 | Administrative Class |
| $0.00 | Taxes |
| $0.00 | Unsecured Creditors |
| <u>$325.00</u> | UST Fees |
| | |
| <u>$325.00</u> | TOTAL |

What assumptions are made to justify the increase in cash available for the funding of the plan?

None

Will funds be available in the full amount for administrative expenses on the effective date of the Plan?  From what source?  If not available, why not and when will payments be made?

The Debtor will have funds significant to pay any US Trustee fees and any fees to the Clerk. The Debtor and Debtor's Counsel will make arrangements for administrative legal fees that will not interfere with any payments to other Classes of Creditors under the Plan.

VII.      <u>Management Salaries</u>

    N/A


VIII.     <u>Identify the Effect on Plan Payments and Specify Each of the Following:</u>

    1.      What, if any, litigation is pending?

None


    2.      What, if any, litigation is proposed or contemplated?

If the Debtor's Plan is not accepted by the PA Department of Revenue, the Debtor will file an objection to their claim in order for there to be a judicial determination of the validity of the claim.


IX.      <u>Additional Information and Comments</u>

    N/A


X.      <u>Certification</u>

The undersigned hereby certifies that the information herein is true and correct to the best of my knowledge and belief formed after reasonable inquiry.

If Debtor is a corporation, attach a copy of corporate resolution authorizing the filing of this Disclosure Statement and Plan.

If Debtor is a general partnership, attach a copy of the consent agreement of all general partners to the filing of the Bankruptcy.

/s/ Christopher M. Frye _____        March 27, 2019 _____
Christopher M. Frye                            Date
Steidl and Steinberg, P. C.
Suite 2830 – Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
412-491-3130
chris.frye@steidl-steinberg.com
PA ID 208402